UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY GONZALES,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DR. RUMMEL,<br><br>　　　　　　　Defendant.<br>_____/ | CASE NO.   1:11-cv-00081-AWI-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFFS'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**<u>SCREENING ORDER</u>**

Plaintiff Rudy Gonzales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on January 18, 2011.  (Compl., ECF No. 1.)  No other parties have appeared in this action.  Plaintiff's Complaint is now before the Court for screening.

-1-

I.   **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

///

///

///

1  II.  **SUMMARY OF COMPLAINT**

Plaintiff is a prisoner currently housed at California Substance Abuse Treatment Facility - Corcoran ("CSATF"). (Compl. at 1.) Plaintiff names Dr. Rummel as the only Defendant in this action. He alleges that Dr. Rummel denied him adequate medical care. Plaintiff seeks damages according to proof. (Compl. at 3.)

More specifically, Plaintiff alleges as follows:

Defendant Rummel is employed in the optometry clinic as an "eyeglasses physician" at CSATF. (Compl. at 2.) Plaintiff's allegations center around his quest to obtain an unbroken pair of eyeglasses. (Id. at 3.) Plaintiff ordered a pair of eyeglasses, but upon receipt, found that they were broken. (Id.) He then put in a medical request form to see an eye doctor and have his glasses repaired. (Id.) On September 12, 2008, Plaintiff was seen by Defendant Rummel. (Id.) Defendant Rummel took the eyeglasses Plaintiff had already paid for and did not return them. (Id.) The "MTA" gave Plaintiff the wrong eyeglasses and the frame was broken. (Id.) The eyeglasses were never returned, but Plaintiff was still charged $15.00 for the broken eyeglasses and went un-reimbursed for the $85.60 he paid for the glasses in the first place. (Id. at 6.) Plaintiff has been denied proper health care because the eyeglasses he originally purchased were not replaced. (Id.) Plaintiff was discriminated against in the course of his attempts to obtain medical attention. (Id. at 7.) Plaintiff's due process rights were also violated. (Id. at 9.)

III.  **ANALYSIS**

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia

Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### A.   Eighth Amendment Claim

Plaintiff alleges that Defendant Rummel violated Plaintiff's Eighth Amendment rights by depriving Plaintiff of access to adequate medical care by not giving him the correct eyeglasses.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

To show deliberate indifference, Plaintiff must show "a purposeful act or failure to

respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff has not sufficiently pled a serious medical condition. He has only alleged that he was not provided with the eyeglasses he had ordered and needed. Plaintiff does not explain how the loss of the glasses affected him. Plaintiff needs to explain how much he was able to see with and without his glasses, whether he had another pair of glasses to replace the broken ones taken away, and if and how his day-to-day life was affected by the absence of glasses. As stated, Plaintiff's Complaint does not allege a serious medical condition that could have resulted in a significant injury or the unnecessary and wanton infliction of pain.

Plaintiff has also not sufficiently alleged that Defendant Rummel was deliberately indifferent to Plaintiff's medical needs, the second prerequisite to a claim for inadequate medical care. At most, he has suggested only negligence on the part of Defendant Rummel in not ensuring Plaintiff was provided proper eyeglasses. To show that Defendant Rummel was deliberately indifferent, Plaintiff must allege that Defendant Rummel knew that serious harm could have resulted from Plaintiff's eyeglasses not being promptly

repaired and returned to him. Perhaps most importantly, to show deliberate indifference, Plaintiff must allege facts showing some purposeful act or failure to respond to a known medical need. It is not enough simply to allege that a medical professional performed incorrectly, incompetently or committed medical malpractice. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff has not stated a claim for inadequate medical care under the Eighth Amendment, but he will be given leave to amend. In his amended complaint, Plaintiff must clearly allege how his inability to procure a new set of eyeglasses affected him and his basis for alleging that Defendant Rummel was deliberately indifferent to his serious medical condition.

**B.     Fourteenth Amendment Claims**

      1.     Due Process Clause

Although Plaintiff does not explicitly state a due process claim for deprivation of property, Plaintiff's factual allegations lend themselves to that possibility in alleging that Defendant Rummel took his eyeglasses and thereby illegally deprived him of his property under the Due Process Clause.

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984)

(citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533; see also Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991) ("Although Hudson involved § 1983 and the Fourteenth Amendment, the same due process principles apply to the federal government through the Fifth Amendment.").

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 895; Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 13 Cal.Rptr.3d 534, 90 P.3d 116, 123 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 13 Cal.Rptr.3d 534, 90 P.3d at 123; Mangold, 67 F.3d at 1477; Karim–Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff cannot state a claim under the Due Process Clause without showing he has complied with the requirements of the Tort Claims Act. Plaintiff's claim will be dismissed.

He will be given one opportunity to amend this claim to show he has exhausted his remedies under the Tort Claims Act and now properly and timely seeks judicial review of the action taken on his Tort Claims Act. (Plaintiff is forewarned that if he has not already exhausted his Tort Claims Act remedies, it likely is too late to do so now since these events took place pre-2009. He may be better served by focusing on other amendable claims.)

### 2. Equal Protection Clause

Plaintiff also appears to alleges that Defendant Rummel violated his rights under the Equal Protection Clause by treating Plaintiff differently than similarly situated inmates.

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). In this case, Plaintiff does not allege that he is a member of a suspect class. Accordingly, he has failed to state an equal protection claim under this theory.

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v.

Rodriguez, 411 U.S. 1 (1972); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

In this claim, Plaintiff refers to the Equal Protection Clause and simply states that "all persons similarly situated be treated [alike]." (Compl. at 7.) However, Plaintiff does not allege that he is a member of an identifiable class or that there was no rational basis for the difference in treatment. Accordingly, Plaintiff does not state a claim under the Equal Protection Clause against Defendant Rummel.

Plaintiff will be given one opportunity to amend his equal protection claim, but he must satisfy the above described pleading requirements and allege true facts showing that he was a member of an identifiable class and that there was no rational basis for the difference in treatment.

## IV. **CONCLUSION AND ORDER**

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,

Iqbal, S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint, filed January 18, 2011, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   January 31, 2012              /s/ *Michael J. Seng*
ci4d6                                   UNITED STATES MAGISTRATE JUDGE

-10-