# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY GONZALES,<br><br>            Plaintiff,<br><br>   v.<br><br>DR. RUMMEL,<br><br>            Defendant.               / | CASE NO.   1:11-cv-00081-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION FOR DISMISSAL OF PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 12)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

## SCREENING ORDER

Plaintiff Rudy Gonzales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. No other parties have appeared in this action.

Plaintiff initiated this action on January 18, 2011. (Compl., ECF No. 1.) The Court screened Plaintiff's original Complaint and dismissed it with leave to amend. (ECF No. 9.) Plaintiff's filed his First Amended Complaint on March 12, 2012. (Am. Compl., ECF No. 12.) Plaintiff's First Amended Complaint is now before the Court for screening.

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

-1-

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II. SUMMARY OF COMPLAINT

Plaintiff is a prisoner currently housed at California Substance Abuse Treatment Facility - Corcoran ("CSATF"). (Am. Compl. at 1.) Plaintiff names Dr. Rummel as the only Defendant in this action. He alleges that Dr. Rummel denied him adequate medical care under the Eighth Amendment and violated his right to Equal Protection under the Fourteenth Amendment. Plaintiff seeks compensatory damages, punitive damages, attorney fees, declaratory relief, and a trial by jury. (Am. Compl. at 3.)

More specifically, Plaintiff alleges as follows:

In 2007 or 2008, Plaintiff's eyesight was poor and he required prescription eyeglasses. (Am. Compl. at 3.) Sometime before September 2008, Plaintiff needed and ordered a stronger pair of eyeglasses, but when he received them, they were broken. (Id.) Plaintiff saw Defendant Rummel around September 12, 2009, and Defendant Rummel repaired Plaintiff's second pair of eyeglasses that day. (Id. at 4.) Defendant Rummel asked

Plaintiff to pay fifteen dollars for repairing the eye glasses. (Id.) Plaintiff told Defendant Rummel that the second pair of eyeglasses were new and were already damaged when he received them. (Id.) When Plaintiff refused to sign a consent slip to withdraw the fifteen dollars from his trust account, Defendant Rummel refused to give him his second pair of eyeglasses. (Id.) From September 2008 to 2011, Defendant Rummel refused to give Plaintiff his second pair of eyeglasses. (Id.) During the time Plaintiff did not have his new eyeglasses, his eyes were in pain and he could not read or write. (Id.)

## II.  ANALYSIS

### A.  Section 1983 Claims

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B.  Eighth Amendment Claim

Plaintiff alleges that Defendant Rummel violated Plaintiff's Eighth Amendment rights by depriving Plaintiff of access to adequate medical care, i.e., refusing to return his eyeglasses to him.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in

further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff has alleged that without his second pair of eyeglasses his eyes hurt and he could not read and write. This claim on its face appears frivolous. The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious". 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff had another pair of glasses. While a difference in prescription between the two could account for a difference in visual acuity, it is of questionable credibility to claim that Plaintiff suffered eye pain and lost all ability to read and write just because he was dependent on an older pair of glasses. Though not ruling it out, the Court is not here prepared to conclude that Plaintiff has pled a serious medical condition.

Regardless, Plaintiff has not alleged facts that would allow a finding that Defendant Rummel was deliberately indifferent to Plaintiff's medical needs, the second prerequisite to a claim for inadequate medical care. Instead, he affirmatively pleads that Defendant Rummel was willing to provide the eyeglasses to Plaintiff once Plaintiff paid a modest

charge for repairing them. Charging prisoners fees for medical services does not violate the Eighth Amendment unless it prevents prisoners from receiving medical care. See Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 408 (9th Cir. 1985) (per curiam). Plaintiff has not alleged that the proposed payment prevented him from receiving the glasses, just that he thought the billing was inappropriate since the glasses arrived broken. Defendant would not normally have been expected to anticipate, and thus be deliberately indifferent to, the fact that Plaintiff would suffer as alleged from not having newer glasses. Plaintiff has not stated a claim for deliberate indifference and so has not stated a claim for inadequate medical care under the Eighth Amendment.

Plaintiff previously was advised of the deficiencies in his claim and of the law applicable to stating a cognizable claim. He nevertheless has failed to meet the legal minimums for stating such a claim. No useful purpose would be served in re-advising him of the standards and giving him yer another chance to amend. He will not be given leave to amend.

### B.     Equal Protection Clause of the Fourteenth Amendment

Plaintiff also appears to alleges that Defendant Rummel violated his rights under the Equal Protection Clause by treating Plaintiff differently than similarly situated inmates.

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). In this case, Plaintiff does not allege that he is a member of a suspect class. Accordingly, he has failed to state an equal protection claim under this theory.

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

In this claim, Plaintiff refers to the Equal Protection Clause and makes the conclusory, and wholly unsupported, statement that "Defendant Rummel intentionally treated Plaintiff Rudy Gonzales differently than similarly situated inmates without a rational relationship to a legitimate state purpose." (Compl. at 5.) Plaintiff does not include any facts suggesting he belongs to a protected class, how he was treated differently, or why there was no rational basis for the difference in treatment. Accordingly, Plaintiff does not state a claim under the Equal Protection Clause. As above, no useful purpose would be served in giving Plaintiff yet another opportunity to amend. He will not be given leave to amend.

## IV.    CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any Section 1983 claims upon which relief may be granted against the named Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action, Plaintiff has filed two complaints and received substantial guidance from the Court in its Screening Order. (ECF Nos. 1, 9, & 12.) Even after receiving the Court's guidance, Plaintiff failed to make sufficient alterations or to include additional facts to address the noted deficiencies.

Because of this, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore recommends that further leave to amend not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United State District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 26, 2012                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE